[No. 14855.   Department Two.   March 13, 1919.]

TOM PECHEOS *et al., Respondents,* v. JOHN A. JOHNSON, *Appellant.*[1]

PHYSICIANS AND SURGEONS (10) — ACTION FOR MALPRACTICE — DEFENSES — GRATUITOUS TREATMENT OF ANIMALS BY UNLICENSED PERSONS. The gratuitous administration of hog cholera serum by one who is not a licensed veterinarian, and whose charge was merely for serum manufactured by him, does not violate Rem. Code, § 8440, providing that nothing in the act shall be construed to apply to persons who gratuitously treat diseased animals; and does not render the manufacturer liable for the loss of hogs, there being no negligence in the manufacture or treatment.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 10, 1918, upon findings in favor of the plaintiffs, in an action in tort, tried to the court. Reversed.

*Plummer & Lavin,* for appellant.

MOUNT, J.—This action was brought to recover damages for the loss of twenty-seven head of hogs. The complaint alleged that the defendant held himself out as authorized to manufacture, distribute, and administer anti-hog-cholera serum to immunize hogs against cholera; that, on November 30, 1916, defendant agreed with the plaintiffs to administer anti-hog-cholera serum to plaintiffs' hogs, and guaranteed that his serum was manufactured and used under a license issued by the United States Bureau of Animal Industry, Department of Agriculture, and that he was skilled

[1]Reported in 179 Pac. 78.

in the administration of said virus; that, because of the negligent and unskillful acts of the defendant in administering said virus, and because of the impurities of said virus, and because of the neglect and failure of the defendant to use reasonable care in the treatment of the hogs, twenty-seven of the hogs died; that these hogs were of the value of $792; that the plaintiffs, at the time said virus was administered to the hogs, paid the defendant the sum of $50; that thereafter they paid for other serum and telegrams and expressage the sum of $47. They prayed for judgment against the defendant for $889 and costs.

The defendant, for answer to the complaint, admitted that he held himself out as authorized to manufacture and distribute the serum, that he was paid $50 on account of the serum furnished to plaintiffs, and that the plaintiff Demas agreed to pay him in addition thereto $31.25; and denied every other allegation of the complaint. As an affirmative defense, defendant alleged that, at the time stated, the plaintiff Demas contracted with the defendant to furnish him with certain hog-cholera serum and the defendant did furnish the serum and thereafter administered it, which was a standard and well-recognized cure for hog cholera and commonly known as the "Niles-Dorsett method." Defendant alleged that he made no charge for the administration of the serum, the charge being made only for the serum itself. Defendant further alleges that, if any of said hogs died, it was wholly due to the acts of the plaintiffs, or to causes for which the defendant was not responsible. Further answering the complaint, and by way of cross-complaint, the defendant alleged that the plaintiffs were still owing him $31.25, the balance due on the contract price of the serum; and prayed judgment for that amount.

For a reply, the plaintiffs then alleged that the administration of the serum to the plaintiffs' hogs was unlawful for the reason that the defendant was not a licensed veterinarian; that the plaintiffs had paid to the defendant $50 for administering the serum; and prayed for the return of the $50. The case came on for trial to the court without a jury, and after the close of all the evidence, the court made no finding that the defendant was negligent in the administration of the serum, but found that he was not authorized to practice veterinary medicine or surgery under the statute, that the $50 paid by the plaintiffs to the defendant was without consideration, and for that reason entered a judgment against the defendant for $50. The defendant has appealed from that judgment.

We find no evidence whatever in the record that the appellant was negligent in the use of the serum or that the serum was not of standard quality. The respondent Demas testified, in substance, that he employed the appellant to treat about eighty head of hogs with the serum, that he paid $50 and agreed to pay $30.25 additional, which has never been paid. He also testified that he knew the appellant was not a regularly licensed veterinarian when he treated the hogs, but knew he was making the serum and treating hogs for other people. The evidence on the part of the appellant was to the effect that he was engaged in the hog-raising business; that he had made a study of the manufacture of hog serum; that it was manufactured according to the government formula prescribed by the Agricultural Department; that, at the time he treated the hogs for the respondents, there was no serum to be had in the state of Washington except what he manufactured; that he never made any charge for his labor in administering the serum he

made—charging only for the serum itself; that he estimated the serum necessary for the treatment of eighty-three hogs, which he testified he treated, was 6,500 cubic centimeters; that he made a charge only for the serum at 1¼c per cubic centimeter, which amounted to $81.25; that the price of 1¼c per cubic centimeter was practically what it cost to produce the serum, and was cheaper than the serum could be purchased anywhere in the country; and that, in fact, there was none to be had at any price in the state of Washington at that time and the nearest point it could be obtained was Portland, where the charge was 1½c per cubic centimeter. The appellant testified that he performed the service free, knowing that he had no right to charge for administering serum because he was not a licensed veterinarian under the laws of this state. He also testified that he did not try to make any profit on the serum business, because he was engaged extensively in hog raising in the vicinity and was willing to do anything possible to eliminate hog cholera from that section of the state. He further testified that, at the time he administered the serum, the respondent Demas paid him $50 on account of the serum and agreed to pay the balance, $31.25, later, and that this amount had not been paid. The appellant was corroborated to the effect that the serum was of standard quality and that he administered it free. A careful perusal of all the evidence in the case convinces us, beyond a doubt, that the appellant made no charge for administering the serum, but that the only charge he made was for the serum which was used. Section 8440 of Rem. Code, relating to veterinarians, provides:

"Nothing in this chapter shall be construed to apply . . . to persons who gratuitously treat diseased animals."

The evidence in this case conclusively shows, without dispute, that the appellant treated the animals gratuitously. He therefore did not violate the act. He made a charge only for the serum which he manufactured and had a right to sell. The trial court was evidently of the opinion that, because the appellant had administered the serum and was not an authorized veterinarian under the statute, he therefore could not recover either for the serum or for administering it. But, as we have seen, the evidence conclusively shows that he made no charge for the administration of the serum, but charged only for the serum itself, at a less price than the serum could be obtained elsewhere. It is conceded by the respondents that they agreed to pay $81.25, $50 of which has been paid, and that they have not paid the balance of $31.25. We are satisfied, upon the record, that the trial court should have entered a judgment in favor of the appellant and for the balance of $31.25 due for the serum.

The judgment of the trial court is reversed, and the cause remanded with directions to the lower court to enter a judgment in favor of the appellant for $31.25.

PARKER, MAIN, FULLERTON, and HOLCOMB, JJ., concur.